FLORANCE ET ALS. vs. NIXON ET ALS.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE

EIGHTH PRESIDING.

In an action for illegally sueing out an injunction, an allegation that the writ was dissolved, coupled with an averment, that the defendant had been enabled to move his property out of the reach of process, sufficiently charged, that the writ was wrongfully sued out, and that damage was sustained by issuing it.

It is sufficient if the plaintiff state his case clearly in the petition, if he does, technical objections cannot affect it.

The dissolution of an injunction is *prima facie* evidence, that damages have been sustained by the plaintiff in execution.

This was a suit against the sureties of an injunction bond.

The injunction was obtained to arrest a *fi. fa.* on a judgment which the plaintiffs had obtained against one Timmons.

After it was dissolved, a *fi. fa.* was immediately issued, but neither the person or property of Timmons could be found. The defendants were then placed in delay by a written demand, and failing to comply with the conditions of the bond, this suit was instituted.

The petition set forth the original judgment obtained against Timmons, and that its execution was stopped by the injunction, until the defendant removed or secreted all his property (which was sufficient to satisfy the judgment) and left the country himself.

The defendants excepted and answered substantially.

First, that the obligation on which the suit is instituted, is a conditional one, and no breach of the conditions is alleged; second, general denial; third, that the bond was not in due form of law; and fourth, that at the time the injunction was obtained, Timmons had sufficient property, and that the plaintiffs lost their debt by their own *laches*.

The exceptions were overruled, and from a judgment of non-suit, the plaintiffs appealed.

EASTERN DIST.
January, 1832.

FLORANCE
ET ALS.
vs.
NIXON ET ALS.

*Downs,* for appellant.

1. The bond is in due form, and if not, as a man binds himself, so shall he be bound, *Code of Practice, art.* 308. *Bryan* vs. *Turnbull,* 8 *Martin, N. S.* 108.

2. In a suit on an injunction bond, it is only necessary to prove the execution of the bond, and the *dissolution* of the injunction. *Breedlove* vs. *Johnson,* 2 *Martin, N. S.* 517. 11 *Martin,* 291.

3. The bond on which this suit was instituted, is a contract in which the penalty is made the principal obligation, and the only one that can be enforced. *Louisiana Code, art.* 2116–17. 6 *Toullier,* 839, *no.* 804–5. 6 *Martin, N. S.* 623.

4. But if the bond be only an ordinary penal obligation, the defendants, having been put in default, must pay the penalty. *Erwin* vs. *Fenwick,* 6 *Martin, N. S.* 229.

*Andrews,* contra.

1. Plaintiffs' petition does not set forth a breach of the conditions of the bond.

2. The bond was an obligation with a suspensive condition, or a penal clause, and the court erred in overruling the exceptions. *Civil Code,* 2015 *to* 2038, 2113 *to* 2121. *Pothier, on Obligations vol.,* 1 *p.* 111–12. *Martin's Reports,* 6, *N. S.* 338.

*Porter, J.* delivered the opinion of the court.

This action is brought against the sureties on an injunction bond. The petition states that the petitioners obtained judgment against one Joseph Timmons; that they were proceeding to carry this judgment into effect when they were stayed by an injunction from doing so, from December, 1827, until April, 1830.

That at the date last mentioned, the injunction was dissolved; and that as soon after as possible, every effort was made to enforce the first judgment, but without effect, the sheriff "having returned that neither the person or property of said Timmons could be found in his parish, he, the said Timmons, having during the pendency of the suit in injunction, sold, removed, concealed and placed beyond the reach

EASTERN DIST.
*January*, 1832.

FLORANCE
ET ALS.
*vs.*
NIXON ET ALS.

and knowledge of the petitioners, or the public officers, all his property, which at the time said first judgment was rendered in favor of your petitioners, was amply sufficient to satisfy your petitioner's demand."

The petition further states, that the defendants became the sureties of Timmons on the bond, and that they have been regularly placed in default for the non-performance of the obligation, and it concludes by a prayer, that they be condemned *in solido* to pay the amount of the bond with interest, &c.

The defendants severed in their pleadings, and both filed exceptions to the petition, which, in substance, were: That the bond was a conditional one, to secure the plaintiff against such damages as he might sustain in case the injunction was wrongfully sued out; and that it is no where alleged in the petition that any damages or costs have accrued, or that it has ever been decided, the injunction was wrongfully sued out, or that the defendants have not paid such costs and damages as have accrued; and further that the bond is not such a one as the officers of the court were authorised to take, or as the defendants were bound to furnish. The court overruled these exceptions, and the defendants severally excepted to the decision.

In an action for illegally suing out an injunction, an allegation that the writ was dissolved, coupled with an averment that the defendant had been enabled to move his property out of the reach of process, sufficiently charge that the writ was wrongfully sued out, and that damage was sustained by issuing it.

We are of opinion the court did not err. The petition set out a good cause of action. It alleged a former judgment; the interruption caused to the execution of it by the injunction; the dissolution of that injunction; the damage sustained in consequence of its being sued out, by affording the defendant in the original suit the means of removing his property out of the reach of process; and the failure of the present defendants to comply with their engagement. The allegation that the injunction was dissolved, is, in substance, an averment that it was wrongfully obtained, and no clearer mode could be adopted of asserting that damages had ensued, than by stating that during the pendency of the writ, the party obtaining it had removed his property beyond the reach of the process of the court.

The exception taken to the form of the bond has not been strongly relied on in the court, and on an examination we

EASTERN DIST.
January, 1832.
——————
FLORANCE
ET ALS.
vs.
NIXON ET ALS.

have made of the instrument, we do not think it can be sustained.

To the exceptions were joined answers on the merits. McCauley denied generally all the allegations in the petition, but coupled this denial with a singular averment, that at the time the injunction was *obtained*, the principal in the bond had sufficient property in the parish to pay the plaintiffs' judgment against him, and that they lost their debt by their own neglect.

Nixon admitted he had signed the bond, but denied every other allegation in the petition, or that he was in any manner responsible to the plaintiffs.

On these issues the parties went to trial, and the judge below being of opinion that the suit was brought *ex contractu*, when it should have been *ex delicto*, non-suited the plaintiffs, and they appealed.

The form which the petitioners have given to their action; and the necessity imposed on them to furnish proof of the special damage they may have sustained, formed the principal matter of argument at the bar. We have already expressed an opinion on the first point, in disposing of the exception; and we may add that our law has not prescribed any particular form in which parties shall state their cause of action. It requires nothing more than that the substance of the case should be plainly set out; and if this is done, exceptions merely technical cannot affect it. In the present instance it would have been more formal to have set out the bond, assigned the breaches of it, stated the damages, and asked judgment for them. But the same thing is virtually done when the bond is stated, the injury arising from the injunction averred, and judgment asked for the whole amount of that bond, together with general relief. Nothing prevented judgment on the petition for the damages actually sustained. The prayer for general relief enabled the court to give judgment on the allegation of injury sustained by the removal of defendant's property.

*It is sufficient if the plaintiff state his case clearly in the petition, if he does, technical objections cannot affect it.*

The dissolution of an injunction is *prima facie* evidence of the plaintiff in execution having sustained injury. A case

can hardly be supposed where a man is stopped in exercising the legal right of enforcing a judgment in his favor, where the interruption does not cause damages. The extent of these damages of course varies, and forms a proper subject for proof. In the instance before us, we have the return of the sheriff that no property of the defendant could be found in the parish where he resided, at the time suit was instituted against him. But there is no evidence that he was solvent when the judgment was rendered, save that, contained in the answer of McCauley, which admits that he had property at that time. It has been argued that as this answer was put in by the defendant himself without the aid of counsel, it is probable the admission was made through error. The case perhaps shows the danger of dispensing with professional assistance; but the effect of the admission is not weakened by that circumstance. The judgment of the court below is erroneous. There was no good cause for non-suiting the plaintiffs; and they had at least a right on the facts proved, to have judgment for some damages. In reversing the decision below, we have had some difficulty to know what disposition to make of the case. The choice is presented to give nominal damages or remand the cause. The case offers such strong presumption of damage being sustained to a greater amount, we think this is a proper case to exercise the power vested in us to remand a cause wherever justice requires it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed: And it is further ordered, adjudged and decreed, that the cause be remanded for a new trial, the appellee paying the costs of this appeal.

EASTERN DIST.
January, 1832.

FLORANCE
ET ALS.
vs.
NIXON ET ALS.

The dissolution of an injunction is *prima facie* evidence that damages have been sustained by the plaintiff in execution.