WESTERN DIS.
October, 1832.
─────────
HUDSON ET AL.
vs.
PLUNKETT
ET AL.

─────────

### HUDSON ET AL. vs. PLUNKET ET AL.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

An action of boundary to adjust the limits between two or more plantations, is not a sufficient disturbance of possession or title to authorize the purchaser to maintain an injunction to stay the payment of the price.

Where a party fails to show sufficient ground to maintain an injunction, it is to be taken as having been wrongfully obtained, and subjects the party obtaining it to all the penalties the law inflicts on persons who improperly stay the proceedings of justice under false pretences.

This is an injunction suit to restrain the defendant Plunkett from proceeding on an order of seizure and sale obtained against the plaintiffs for part of the price of the tract of land on which they reside, and which they purchased from Plunkett. Soon after this purchase, Wm. P. Hickman commenced his action of boundary against them which they apprehended would greatly change the situation and value of the land, and which produced such a disturbance of their possession as authorized them to withhold payment.

The defendant Plunkett plead a general denial and prayed for the dissolution of the injunction with five hundred dollars damages, &c.

WESTERN DIS.
October, 1832.

HUDSON ET AL.
vs.
PLUNKETT
ET AL.

The plaintiffs reply that they are not in default, and the defendant is entitled to no damages, because they are ready to pay the price whenever they are quieted in their possession.

The district judge dissolved the injunction and gave judgement for one hundred and fifty dollars in damages, and ten per centum interest on one thousand five hundred dollars, and costs. The plaintiff in injunction appealed.

It was agreed the evidence in the case of *Hickman* vs. *J. & J. Hudson*, should be used in this case. [See *ante* 520.]

*Boyce*, for plaintiffs:

1. This is an injunction suit to restrain the defendant from proceeding on an order of seizure and sale for the price of the land they reside on, until they are quieted in their title.

2. The plaintiffs called the defendant in warranty, being disturbed in their title and possession of the land. This they had a right to do, so that the District Court erred in dissolving their injunction to restrain the defendant from collecting the price. Having a right to seek redress in this way, they should in no event be decreed to pay damages.

*Rigg*, for defendants, replied:

1. That the disturbance complained of by the plaintiffs in injunction, was simply a question of boundary. The title to the land was not at all endangered, and no part of the land was in danger of being lost.

2. The injunction sued out was premature and wrongful; it was, therefore, rightly dissolved with damages.

MATHEWS, J., delivered the opinion of the court.

In this case an injunction was granted against an order of seizure and sale which the defendant had obtained against the

WESTERN DIS.
October, 1832.

FULTON'S
HEIRS
vs.
SOLLIBELLOS.

An action of boundary to adjust the limits between two or more plantations, is not a sufficient disturbance of possession or title to authorize the purchaser to maintain an injunction to stay the payment of the price.

Where a party fails to show sufficient ground to maintain an injunction, it is to be taken as having been wrongfully obtained and subjects the party obtaining it to all the penalties of the law inflicted on persons who improperly stay the proceedings of justice under false pretences.

plaintiffs, and in virtue of which a tract of land was seized which had been sold by the defendant to said plaintiffs, and on which a mortgage was retained to secure the payment of the price, the sale being on credit and notes given by the purchasers. The injunction was afterwards dissolved and damages assessed against the plaintiffs and their surety; and from this decree of dissolution the plaintiffs appealed.

This injunction was obtained on allegations of disturbance of the plaintiff's possession of the property bought, and danger of eviction of a part thereof, in consequence of a suit brought against them by one Hickman. The record of that suit is made evidence in the present case. It is an action of bornage, and from the testimony taken in that case it does not appear whether the adjustment of limits as claimed by the plaintiffs, will in any manner affect the land as sold by Plunkett to the present plaintiffs. We are of opinion with the court below, that on the trial of the cause they did not show sufficient ground to maintain the injunction previously obtained, and, consequently, it had been illegally obtained and subjected them to all the penalties imposed by law on persons who improperly stay the proceedings of justice by false pretences.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.