Tne opinion of the court was delivered by
Poché, J.
In a suit for ten thousand dollars damages against the City of New Orleans, Henry Larquié, John Triseoni, and Pierre Ader in solido, for alleged false imprisonment and malicious prosecution of plaintiff as keeper of a private market, his action was dismissed on the ground that his petition disclosed no cause of action.
Hence, the only question which this appeal presents is one of law or of pleading. His-petition sets forth two distinct complaints. One of his grounds is,- that he was prosecuted before a recorder and sentenced by the latter to pay numerous fines for the repeated violation of the city ordinance which prohibits private markets within a radius of six squares from a public market.
He then avers that on appeal to this court the several-judgments rendered against him by the recorder were reversed and set aside, on the ground that his private market was not situated within the prohibited distance under a proper construction of the city ordinance therein sought to be enforced.
He charges that the numerous affidavits made against him were so made under the special authorization and direction of the Mayor, therein acting at the instigation and in the interest of the other defendants, who were then .the .lessees of all the public markets of the City of New Orleans,
*45 His other ground oí complaint is, that while the various prosecutions above mentioned were being pressed against him, the City of New Orleans, still acting at the instigation and in the interest of the aforesaid lessees of the public markets, sued out and obtained an injunction, under date of July 28, 1888, restraining him from carrying on his private market at a certain designated place, on the ground that the same was within six squares of a public market. And that, notwithstanding the decision of this court by which it had been settled that his market was not within the prohibited distance, which ■decision became final on January 7, 1889, and had been rendered on December 17, 1888, the injunction thus obtained against him was maintained in force until February 15, 1889, when the city discontinued its suit.
Plaintiff finally charges that during the pendency of the injunction proceedings, a rule was taken against him by the defendants for an alleged disobedience of the injunction aforesaid, in consequence of which he was sentenced to imprisonment for ten days, and actually incarcerated for six days, for all of which he claims damages in the sum of ten thousand dollars.
I.
In testing the sufficiency of the pleadings in an action for damages .growing out of the prosecution of Barthe for a fine or imprisonment before the recorder, we find it settled in jurisprudence that malice •and want of probable cause in the instigators of the prosecution are •essential averments.
Those allegations are contained in plaintiff's petition, but in •averring the termination of the prosecution in his favor, he refers to the decision rendered in the case in his favor by this court, which is reported in the 41st Annuals, page 46.
. Turning to that case we find that the pivotal issue on which the cause was tried was as to the mode of measuring the distance within which the city ordinance prohibited private markets from a public market.
On the part of the city and of the lessees of the public markets, the contention was that the distance should be measured on an air line, whereas Barthe, the defendant therein, and plaintiff here, con- ' tended that the distance was to be measured by the route which persons would walk.
His contention prevailed and the case went in his favor.
*46 But the point under discussion involved a difference of opinion based on a nice distinction, and the error found against the city and the market lessees, did not implicate them with malice, or prove' that they had no probable cause for the prosecutions which they had instigated against Barthe, as an offender under the city ordinance, as they erroneously, but honestly, construed it.
The fact, as shown by that decision, that the _ members of this court, entirely disinterested, divided on the question, is a very significant suggestion that the prosecutors, like the dissenting justices, were not actuated by malice, or acted in the matter of the prosecution without probable cause.
In the case of Godfrey vs. Soniat, 33 An., page 915, the defendants were sued in damages for a malicious prosecution. It was in proof that Godfrey had been acquitted of the charge brought against him, and his contention was that his discharge was proof of malice and of want of probable cause, but this court held otherwise, and ruled that all the circumstances under which the charge had been made should be considered in determining the issue of malice vel non.
In that case the following rule was announced:
“The mere fact that the accused, under a criminal prosecution, has been acquitted, does not entitle him to damages against the prosecutor; and he should recover none, when the evidence shows that there was a probable cause for the prosecution, and no malice on the' part of the prosecutor.”
And in the case of Plassan vs. Lottery Company, 34 An. 246, in which the decision of the court hinged upon similar pleadings and' circumstances, the rule was affirmed in the following language:
“In a suit for damages for malicious prosecution, the presumption of want of probable cause flowing from the acquittal or discharge, on preliminary examination, of the accused can be successfully rebutted by evidence showing that the party provoking the prosecution acted on information reasonably calculated to cause and lead a man of ordinary caution and prudence to believe, or entertain an honest and strong suspicion of the guilt of the party accused.”
For the purposes of this discussion, it is fair and proper to consider the decision invoked by plaintiff, as his allegation of the termination of the prosecution in his favor, as forming part of his pleadings. And from that decision, as one of his allegations, flows *47 the conclusion that the prosecution is not alleged to have been actuated by malice or instigated without probable cause. Hence we hold that the complaint on that branch of the case is deficient and that it can not be the legal basis of a claim for damages.
II.
But the same principle does not apply to or control that part of the demand which is predicated on the damages alleged to flow from the wrongful issuance of the injunction against Barthe.
The pivotal allegation on that branch of the pleadings is that the injunction obtained by the city and its abettors was voluntarily abandoned, and its suit discontinued on its own motion.
On that score the rule is firmly imbedded in our jurisprudence to the effect that, “the dissolution of an injunction is prima facie evidence that damages have been sustained” by the defendant in injunction. Florence vs. Nixon, 3 La. 289; Hudson vs. Plunkett, 4 La. 524; Whitehead vs. Tulane et al., 11 An. 302.
In the latter case the ruling was as follows:
“In an injunction suit, where there is judgment of non-suit on the plaintiff’s being called and not appearing, the injunction bond is forfeited.”
In the case of Conery vs. Goons, 33 An. 372, the following rule was adopted.
“The dissolution of an injunction is prima facie evidence of an injury sustained by the party enjoined, and entitles him to actual damages.” See also Barrymore vs. McFeely, 32 An. 1179; Découx vs. Lieux, 33 An. 392; Estopinal vs. Peyroux, 37 An. 477; Wentz vs. Bernard, 37 An. 636; Canal Company vs. Fouché, 38 An. 388.
In the last case just quoted the rule was formulated thus:
1 ‘ The dismissal of an injunction suit on an exception is equivalent in law to a judgment decreeing the injunction to have been wrongfully obtained.”
“An action in damages following such a judgment, by the defendants in the injunction suit, involves but one question, and that is the quantum of damages to be allowed.”
If the rule applies to a case in which the injunction was disposed of. by means of an exception, it will certainly, and with greater force, ■ support a claim for damages in a ease which terminates by the voluntary abandonment of the plaintiff in injunction. His action can *48 be reasonably construed as an admission or confession that the writ had been wrongfully obtained.
The city and its alleged abettors can find no relief in this branch of the ease, in the contention that our decision in the case reported in the 41st An. justifies the presumption that the writ was not obtained with malice or without probable cause. Even if the rule could apply to a case of injunction, which seems not to be the case under our well settled jurisprudence, it appears from the pleadings that while the decision in question was rendered on the 11th of December, 1888, the injunction was maintained and enforced until the 15th of February, 1889.
The contention of appellees’ counsel, that the inaction of the city and its failure to shape its course on the decision of this court, can not, under the pleadings, be considered as elements of damages, because they are not specially alleged, is not well founded. After the recitals hereinabove referred to, the petition contains the following averment:
“That said prosecutions before said recorder, and all the proceedings relating thereto, said suit and injunction, said imprisonment, in loss of time, loss of business, distress of mind, the wanton and reckless and unlawful and malicious invasion and violation of petitioner’s rights, have caused him actual damages to the extent of §10,000.” (Italics are our own.)
It would seem that the fact of the inaction of the plaintiffs in injunction, after the decision of this court which radically stripped their injunction of all possible legality or justification, is the most aggravating circumstance in the whole proceedings, and it must be considered as the strongest cause of action on the part of the defendant in injunction, whose business continued to be paralyzed long after the rendition of a judgment by the court of last resort which had settled the question of its legal and legitimate character.
Our conclusion is that that branch of the demand is amply supported by the pleadings, and that the judgment appealed from must be amended accordingly.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be reversed in so far as it dismisses plaintiff’s action for damages on account of the injunction sued out against him by the City of New Orleans and the other defendants; that the exception of no cause of action as to that part of the demand be overruled, *49 and that the cause be remanded for trial on that branch of the case, and it is further ordered that the judgment appealed from be affirmed in so far as it dismisses plaintiff’s demand for damages on account of the alleged malicious prosecutions before the recorder. Costs of appeal to be taxed to defendants and appellees, all other costs to abide the final determination of the cause.