**REVISED OPINION, March 11, 1998**
IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30433
Summary Calendar

_____


E. DEMSEY PENDARVIS; MICHAEL DOHERTY
JARREAU; SUSAN McGRUEDER JARREAU,

                                    Plaintiffs-Appellees,

                    versus

ORMET CORPORATION,

                                    Defendant-Appellant.

_____

Appeal from the United States District Court for the
              Middle District of Louisiana
_____
                    March 10, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

     This appeal raises two issues, one an obscure point of
Louisiana civil procedure, and the other a more familiar question
of evidentiary sufficiency.  The appellant, Ormet Corporation
("Ormet"), argues first that the appellees, E. Dempsey Pendarvis,
Michael Doherty Jarreau, and Susan McGrueder Jarreau ("Pendarvis")
were not entitled to damages stemming from the wrongful issuance of
a preliminary injunction in a Louisiana possessory action because
they judicially confessed that the injunction was not wrongfully
issued by filing a (successful) petitory action in the same case.
In the alternative, Ormet argues that the jury's damage award was

clearly erroneous in the face of the record. Finding no merit in either argument, we affirm.

I

This case arises out of a property dispute originally litigated in Louisiana state court. In 1993, having recently purchased certain real property in Ascension Parish, Pendarvis gave notice to Ormet that it was illegally using a road located on the extreme eastern edge of his land. Although well aware that the road was indeed located on property within the record title of Pendarvis, Ormet refused to stop using it. Ormet believed that it had acquired actual title to the road through acquisitive prescription because its employees had made use of the road for over thirty years.

When Ormet refused to stop using the road, Pendarvis blocked it and began building a fence down the record title boundary line. On September 17, 1993, Ormet responded by filing a possessory action in Louisiana state court. Ormet alleged that it had been in possession of the road and that Pendarvis had disturbed that possession by beginning construction of the fence. Ormet requested that its "right" to possession be recognized, and that Pendarvis's disturbance of its possession be enjoined, both temporarily and permanently. Ormet also requested, should it succeed on the merits, that Pendarvis be ordered to file a petitory action to establish ownership of the road within sixty days of the possessory

2

judgment becoming executory. On October 19, after an evidentiary hearing, a preliminary injunction was issued.

After the injunction was issued, Pendarvis stopped construction of the boundary line fence, and instead built a new fence on the western side of the road. Unable to use the original road, Pendarvis constructed a new road at another location in order to reach the interior of the land. He also made several other changes in his activities based on his exclusion from the original road.

II

Prior to a trial on the merits in the possessory action, Pendarvis instituted the instant petitory action, also in Louisiana state court, and also with regard to the road. Pendarvis alleged that he was the owner of the road and requested that Ormet be ordered to surrender possession to him. He also requested damages for the wrongful issuance of the preliminary injunction under La. Code Civ. Proc. art. 3608. On Ormet's motion, the case was removed to the Federal District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1441.

Both before and during the trial, Ormet made repeated motions to exclude evidence relevant to the damage claim and for judgment as a matter of law on that claim. Ormet's theory, then as now, was that Pendarvis had judicially confessed that the preliminary injunction in the possessory action was not wrongfully issued by filing the petitory action (for reasons explained further below),

3

and therefore was not legally entitled to damages resulting from the preliminary injunction as a matter of Louisiana law. The district court denied all of Ormet's motions. At the end of the trial, the jury entered a verdict in favor of Pendarvis, finding that he owned the road and that the preliminary injunction had been wrongfully issued. In accordance with these findings, the jury awarded Pendarvis $48,000 in damages, principally based on the cost of construction of the second road. Pursuant to a Louisiana statute, the district court then made an additional award of $13,357.63 in attorneys' fees, and, to enforce the jury's verdict, dissolved the preliminary injunction issued in the possessory action. Ormet appeals this final judgment.

## III

We review the district court's construction of state law de novo. Hart v. O'Brien, 127 F.3d 424, 450 (5th Cir. 1997). A jury's assessment of damages, on the other hand, will only be reversed for clear error. Ham Marine, Inc. v. Dresser Indus., 72 F.3d 454, 462 (5th Cir. 1995).

## IV

Ormet raises two issues on appeal in this diversity case. First, Ormet contends that under Louisiana law Pendarvis judicially confessed that the preliminary injunction was not wrongfully issued by filing the petitory action. As such, Ormet argues that Pendarvis was not entitled to damages stemming from the preliminary injunction as a matter of Louisiana law. Based on the clear text

4

of the Louisiana Code of Civil Procedure and the time honored precedent of <u>Florance v. Nixon</u>, 3 La. 289 (1832), we find no merit to this argument. In the alternative, Ormet also argues that the jury's award of damages was clearly erroneous. Based on our review of the record, we also find no merit to this contention.

A

Although the procedural question raised by this case is a novel one, it enjoys this state chiefly because it incorporates a contention wholly unsupportable in the light of longstanding Louisiana authority. The essence of Ormet's argument is that in the case of a preliminary injunction issued pursuant to a possessory action, article 3608 provides for relief only where the preliminary injunction is dissolved by the outcome of the possessory action itself. By failing to seek dissolution of the preliminary injunction in the possessory action, Ormet contends, Pendarvis "judicially confessed" that the preliminary injunction was not wrongfully issued, and thus forfeited his right to damages under article 3608. The fact that the preliminary injunction was lawfully dissolved in the petitory action is, Ormet argues, irrelevant to Pendarvis's damage claim. We disagree.

The possessory action in this case was brought under La. Code Civ. Proc. art. 3655. That article gives the mere possessor of real property an action so that he may "be maintained in his possession of the property . . . when he has been disturbed." The possessory action does not require any proof of title or ownership,

5

and instead premises relief on a simple showing of actual possession at the time of a disturbance and throughout the prior year. La. Code Civ. Proc. art. 3658. The possessory action obviously can be brought by the titular owner of the property, but the question of title is irrelevant to the merits of a possessory claim.

A petitory action, on the other hand, may be brought under La. Code Civ. Proc. art. 3651 by a titular owner who is not in possession, for the purpose of having his ownership recognized. This action, obviously enough, premises relief on proof of title. La. Code Civ. Proc. art. 3653.

The possessory and petitory actions are intended by their clear terms to be mutually exclusive; the party in possession brings the possessory action, while the party not in possession brings the petitory action. This intent is formally recognized by La. Code Civ. Proc. art. 3657, which states that the two actions may not be cumulated by a single plaintiff. Article 3657 goes even further, however, and provides that when the defendant in a possessory action asserts title in himself, the action is converted to a petitory one, and the defendant "judicially confesses the possession of the plaintiff." As a corollary to this last rule, article 3657 also provides that the bringing of a separate petitory action by a defendant in a possessory action has the effect of judicially confessing the fact of the plaintiff's possession--but not, of course, his legal right to possession, as we shall see.

It is against this statutory framework that we must apply the wholly unrelated La. Code Civ. Proc. art. 3608. Article 3608 provides, in relevant part, that "[t]he court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction." The question, of course, is just what constitutes "wrongful issuance" in the case before us. On this point, however, the Louisiana law is relatively clear. Some 166 years ago, commenting on the direct predecessor to article 3608, the Louisiana Supreme Court ruled that "the allegation that [a preliminary] injunction was dissolved, is, in substance, an averment that it was wrongfully obtained." Florance v. Nixon, 3 La. 289, 291 (1832). Under Florance, subsequent dissolution is the legal equipollent of wrongful issuance. This holding has never been contradicted by the Louisiana Supreme Court,[1] and would seem to be consistent with the more recent decisions of Louisiana's lower courts in this context. See, e.g., Roy v. Union Bank, 347 So.2d 286, 289 (La. App. 3d Cir. 1977) ("wrongful does not necessarily connote bad faith or connivance"). Whatever those courts might think of the matter, however, we are bound to follow the last clear pronouncement of Louisiana's highest court. Based on Florance, we are constrained to conclude that, under Louisiana

---

[1]Indeed, it has if anything been sustained. The Florance Court also held that "[t]he dissolution of an injunction is prima facie evidence of the plaintiff in execution having sustained an injury." 3 La. at 292-93. This holding was upheld and applied in Albert Pick & Co. v. Stringer, 171 La. 131, 137 (1930).

law, a preliminary injunction is characterized as "wrongfully issued" for purposes of article 3608 whenever it is subsequently dissolved on the merits. The intent and effect of this rule is to encourage litigants to consider the ultimate merits of their case for a permanent injunction when seeking a preliminary injunction; whenever the recipient of a preliminary injunction is ultimately denied his permanent injunction, damages will be owing. Whether this be a wise policy or no we need not say; for present purposes it is sufficient that it is the rule.

With this construction in mind, we proceed to the substance of Ormet's argument. Ormet first contends that the question of wrongful issuance was judicially confessed by Pendarvis upon filing of the petitory action because article 3657 provides that this filing by the defendants in a possessory action has the effect of "judicially confess[ing] the possession of the plaintiff." This confession, Ormet argues, is equivalent to confessing Ormet's right to possession, and therefore tantamount to admitting that the preliminary injunction was not wrongfully issued in that it did not infringe any right of Pendarvis. In support of this contention, Ormet points to additional language in Roy indicating that a finding of wrongful issuance requires a finding that the preliminary injunction infringed some right of the defendant. 347 So.2d at 289. Even in the absence of Roy, however, Ormet contends that article 3657, at a minimum, makes the filing of the petitory action equivalent to confessing the plaintiff's right to a

8

permanent injunction in the possessory action, inasmuch as it compels the confession of all the elements of a claim under article 3658, i.e., the actual possession of the plaintiff.

Ormet's reading of article 3657 is incorrect. First, as the Official Revision Comment to that article makes clear, article 3657 only provides for judicial confession of the *fact* of possession, not the *right* to possession.[2] The right of possession, obviously, is inextricably tied to ownership, and thus the ultimate lawfulness or unlawfulness of possession is contingent on the outcome of the petitory action. It defies logic to suppose that a right could be "confessed" merely by filing the action whose sole purpose is its vindication.

Furthermore, confessing the <u>fact</u> of possession is not equivalent to confessing that a preliminary injunction was not wrongfully issued. Under <u>Florance</u>, wrongful issuance is equated with dissolution on the merits, so to negate wrongful issuance under Ormet's alternate theory, a defendant in a possessory action would have to confess, at a minimum, the entirety of the plaintiff's claim under article 3655, such that dissolution on the

---

[2]La. Code Civ. Proc. art. 3657 Official Revision Comment (f):

> The last paragraph of this article prevents a defendant in a possessory action from defeating the efforts of the plaintiff in the possessory action to have the issue of his possession adjudicated therein, or from relitigating the issue in a petitory action filed in a separate suit, and in which he would allege that the defendant was not in possession.

merits in the possessory action would be impossible.[3]   That, however, is not what Pendarvis did.   Pursuant to article 3657, Pendarvis only confessed the fact of Ormet's possession.   As article 3658 also requires proof that a disturbance actually occurred before relief can be granted,[4] the mere confession of the <u>fact</u> of possession was insufficient to establish Ormet's possessory claim.   Dissolution on the merits of the possessory action was therefore not precluded by Pendarvis's filing.   For this reason, Pendarvis's filing of the petitory action did not amount to a judicial confession that the preliminary injunction was not wrongfully issued under <u>Florance</u>.

B

Ormet's alternate contention that the jury's damage award was clearly erroneous bears no more fruit than its procedural contest. Ormet's argument, in essence, is that the jury's award of damages was irrational because it was not based on substantial evidence and was excessive because it gave Pendarvis credit for construction of the second road as damage when it should more appropriately have been counted as an improvement to the land.   We are not persuaded of the merits of this argument.

---

[3]We make no comment as to whether this itself would be sufficient.   The fact that a preliminary injunction issued in a possessory action can be dissolved in a subsequently filed petitory action may preclude even this theory of judicial confession.

[4]La. Code Civ. Proc. art. 3658(3).

10

With regard to rationality, our review of the record discloses that there was substantial evidence in support of the jury's award. Testimony was presented that supported the argument that Pendarvis constructed the second road and alternate fence solely because of the injunction, and that the cost of doing so was $48,000. The jury was free to accept this testimony, and it cannot be said that its verdict was wholly without support.

With regard to excessiveness, this court has stated that "[o]nly where [a jury verdict] is 'so large as to shock the judicial conscience, so gross or inordinately large as to be contrary to right reason, so exaggerated as to indicate bias, passion, prejudice, corruption, or other improper motive' will we reverse [it] for excessiveness." Ham Marine, 72 F.3d at 462 (quoting Caldarera v. Eastern Airlines, Inc., 705 F.2d 778, 783 (5th Cir. 1983)). Such was clearly not the case here. Although Ormet argues somewhat persuasively that the addition of the second permanent road constituted an improvement to Pendarvis's land, this interpretation of the evidence was far from the only inference to be drawn from the record as a whole. Indeed, the record does not disclose any conclusive evidence on this contention, and the jury could just as reasonably have concluded that the addition of the second road added a trivial or indeterminate amount to the value of the land, or that any addition was equally balanced by other detriments. The decision to disregard this factor was at any rate

11

not such as to "shock the judicial conscience," and we can find no error on this basis.

V

In conclusion, we find that Ormet's legal arguments are not sustained by either statute or case law, and that its evidentiary objection to the damage award is not sufficient to overcome the presumption in favor of the jury's verdict.  The judgment of the district court is therefore

A F F I R M E D.