SAVOY, Judge.
Defendant has appealed from the judgment of the district court.
Plaintiff filed a possessory action against defendant. A strip of land approximately 3½ feet is in controversy.
In its petition plaintiff alleged that it is the owner and possessor of a lot in the Town of Marksville, Louisiana, fronting 48-feet 10 inches on Main Street and running back between parallel lines a distance of 108 feet. It also alleged that defendant has constructed a fence across the rear of the above lot some feet east of the boundary line between the property of the parties. The plaintiff claimed that it has been in continuous possession of said property fenced in by defendant for more than one year prior to the erection of said fence.
Plaintiff prayed for a preliminary and a permanent injunction against defendant ordering him to remove said fence and maintaining it in possession of the disputed strip.
Defendant filed a plea of estoppel, exceptions of no right and no cause of action and reserving his rights under the above: pleadings filed.
*717 In the exceptions filed defendant alleged he purchased the property in controversy from plaintiff; that immediately after the purchase of said property, he went into actual physical possession of the vacant lot so purchased from plaintiff; and that he has been in open, continuous, notorious and peaceful possession of it ever since. He alleged that plaintiff, as vendor, could not evict defendant, as vendee, from said property.
Alternatively defendant alleged that should this Court find that plaintiff remained in possession of a portion of the land it sold to him, then the possession was precarious and not for its own account, and accordingly, it was estopped from claiming possession adverse to him.
Defendant also filed an answer and a re-conventional demand calling plaintiff and Avoyelles Trust and Savings Bank in warranty, and made the Avoyelles Bank a third party defendant. The Avoyelles Bank had originally owned, among other property, that in controversy which it had sold to plaintiff. The Avoyelles Bank did not contest the action, and apparently, the demands against it have been abandoned since the lower court judgment did not mention said institution nor is it discussed in the briefs except to show that it was made a third party defendant.
The trial judge overruled the pleas and exceptions. Plaintiff was granted a preliminary injunction, and by stipulation between counsel, it was agreed that the same evidence used on the preliminary injunction would be used by the trial judge on the merits. Pursuant to this stipulation, the district judge granted plaintiff a permanent injunction against defendant. This appeal followed.
On arriving at the solution to the question of possession in the instant case, it is necessary that the Court examine the descriptions in the deeds from the Avoyelles Trust and Savings Bank to plaintiff, and from plaintiff to defendant. One reason for this is that the district judge held there was an ambiguity in the latter deed, and in arriving at his decision, he interpreted the said instrument.
On July 31, 1935, the Avoyelles Trust and Savings Bank sold to plaintiff the following property, to-wit:
“That certain town lot, and the bank buildings and all other improvements thereon and thereto belonging, situated in the town of Marksville, Louisiana, known as the Avoyelles Trust and Savings Bank building and lot on which the same is situated, and more fully described as follows: The said lot to have a front of forty-eight feet (48') ten inches (10") on Main Street beginning from the corner of Main and Mark Streets, and extending back a depth of one hundred seventy-nine feet (179') between parallel lines. Bounded on the north by property of the vendor or the Post Office lot, and property of Mrs. H. C. Schreiber, on the south by Mark Street, on the east by Main Street, and on the west by property of the Avoyelles Trust and Savings Bank. All as per plat of survey of E. B. Messick, Surveyor, hereto annexed as part hereof.
“It is agreed that the purchaser shall always leave open a driveway or passage, and to be used only as such, for the benefit of the lot now belonging to the vendor and known as the Post Office lot which is located immediately north of the property herein sold, said driveway or passage to be located immediately west of the bank building or ninety-eight feet (98') from the eastern property line of the property herein sold, and to be ten feet (10') front on Mark Street running back between parallel lines to the said Post Office lot, said driveway or passage being shown on the plat of survey of E. B. Messick, Surveyor, attached to this sale.”
*718 Plaintiff sold a portion of the land which it purchased from the Avoyelles Bank to defendant on November 3, 1937. The description in this deed is as follows:
“A certain town lot situated in the corporate limits of the Town of Marks-ville, Avoyelles Parish, Louisiana, beginning at a point ten (10) feet back of the back wall of the present Union Bank Building which is one hundred eight (108) feet from the Southeast corner of the Union Bank lot along Mark Street, a distance of seventy-one (71) feet from said point along Mark Street by a depth between parallel lines of forty-eight and 83/100 (48.83) feet bounded on the north by Estate of G. L. Mayer, and Mrs. Harry Schrieber; South by Mark Street; East by property belonging to the Union Bank; and West by property belonging to the Avoyelles Trust and Savings Bank.” See Alienation Book A-67, folio 160 of the Records of the Parish of Avoyelles, Louisiana.
Plaintiff contends that the deed from it to defendant is ambiguous in that the deed wherein defendant bought the property from it states that the point of commencement of said tract is ten feet (10') back of the back wall of the present Union Bank Building (plaintiff herein) which is 108 feet from the southeast corner of the Union Bank lot.
The plaintiff contends that the tract which is described as 108 feet from the southeast corner should prevail over the first call, namely, 10 feet back of the back wall of the Union Bank building because the west line of Main Street with the north line of Mark Street, which is the southeast corner of said lot, is a more definite and lasting monument than is the rear wall of the Union Bank building. Plaintiff also points out to the Court that when defendant purchased the lot there was a 5 inch concrete wall or curb which is 13 feet from the bank building, and that said wall or curb fixed defendant’s eastern boundary; that defendant, by his silence and inaction, has acquiesced in said wall or curb being the eastern boundary between his property and that of plaintiff.
Counsel for defendant contends that the first call in the Roy deed should prevail for the reason that the back wall of the plaintiff bank building is a monument that can be observed by the ordinary layman whereas the second call “commencing at a point 108 feet of the southeast corner of the Union Bank lot along Mark.Street” cannot be ascertained without a survey of the property because this point of commencement of said lot could not be seen by the attorney or notary who prepared the Roy deed.
The record reveals that the deed involving the property in the instant case was prepared at the direction of plaintiff. If it is ambiguous as contended by counsel, then any ambiguity therein should be construed against the seller. See LSA-C.C. Art. 2474; Mestayer v. Cities Service Development Company, (La.App., 3 Cir., 1961), 136 So.2d 513, cert. den.; and cases cited therein.
After studying the contentions advanced by able counsel for the parties to this suit, this Court is of the opinion that the construction placed by defendant is the more logical one.
Whoever prepared the instant deed was aware that the purchase made by plaintiff of the property purchased from the Avoy-elles Bank contained a reservation of a servitude 10 feet wide running 10 feet from the western wall of plaintiff bank building. In order to protect plaintiff bank, the starting point of the land purchased from plaintiff by defendant is described as “beginning at a point 10 feet back of the present Union Bank Building which is 108 feet from the southeast comer of the Union Bank lot along Mark Street.” There is a conflict between the two calls in the deed.
This Court is of the opinion that the first call should prevail over the second *719 because in the first call there is a definite monument which may be observed by the ordinary layman, namely, the west or back wall of the plaintiff bank building. On the other hand, the second call would require a survey to determine the point commencing 108 feet of the southeast corner of plaintiff lot. As to the concrete rail or curb shown on the map prepared by Claude E. McMath on July 1, 1963, as Exhibit-Roy 17 in the record, the record reveals that the concrete curb was there when defendant bought the property. Had plaintiff desired the concrete wall or curb to be the property line between the parties, it would have been a simple matter to so state in the deed wherein . defendant purchased a portion of the land in controversy. The curb has been there at least 27 years, and it is a monument which can readily be seen by anyone in the vicinity thereof.
While it is true that this is a pos-sessory action, the two deeds mentioned herein were introduced in order to locate the proper limits of the property in controversy. Since the plaintiff had the corporeal possession of the property for more than a year required to maintain the pos-sessory action, Articles 3658, 3660, LSA-Code of Civil Procedure, then possession alone and not title is normally at issue, Article 3661, LSA-Code of Civil Procedure. However, in his pleadings the defendant set up title in himself, by his pleadings of acquisitive prescription and of his title to the strip by virtue of his title deed, as a defense to the possessory action. See Article 3657, LSA-Code of Civil Procedure. The defense thus raised by the defendant had the effect of admitting the plaintiff’s possession of the disputed strip, but of claiming that the defendant owned the title to the same.
Finding that this defense is sustained and that the defendant does have title to the disputed strip, the injunction granted by the trial court is annulled and set aside, and judgment is hereby rendered in favor of the defendant and against the plaintiff, dismissing its suit. All costs in the district court and in this court are assessed against the plaintiff-appellee.
Reversed.