BOUTALL, Judge.
In late December of 1973 a dispute arose between plaintiff, Fair Grounds Corporation, and its employees, represented by Pari-Mutuel Clerk’s Union, defendant, as to the payment of wages for Christmas Day 1973. In the past the Fair Grounds had paid its employees one-half days pay for that holiday, but in that year it decided not to pay anything. This dispute was subject to arbitration, as the labor contract between plaintiff and defendant required, and we are informed, has since been settled. While the dispute was pending the Union called a meeting of its members, the purpose of which was to discuss the Christmas pay dispute. At this meeting it was resolved that the members would take a “holiday” on January 1, 1974 unless plaintiff paid them for Christmas Day, 1973.
The president of the Fair Grounds was notified of this resolution on December 30th late at night and was given until noon of December 31st to meet the Union’s demands. The Fair Grounds attempted to negotiate with the Union the entire day and finally, discovering that it would be impossible to reach an accord, it obtained a temporary restraining order restraining the Union, “. . . from causing a strike of its employees of Fair Grounds Corporation on January 1, 1974, and from performing any act or failing to perform any act that would result in work stoppage or a slow down of work by employees of the Fair Grounds Corporation on January 1, 1974.”
Presented to the trial judge along with the temporary restraining order was a rule to show cause on January 4 why the Union should not be “permanently enjoined from striking or causing a work stoppage or work slow down.” Upon being notified of the temporary restraining order the Union went to work on January 1. On January 2 it filed a motion to dissolve the temporary restraining order together with exceptions of no cause and no right of action.
At the consolidated hearing on January 4 the trial judge overruled defendant’s exceptions, refused to annul the temporary restraining order and granted a “temporary writ of injunction” to the Fair Grounds. This injunction that was granted to plaintiff reads the same as does the temporary *318 restraining order granted on December 31, 1973. It enjoins the striking, work stoppage or work slow down by Union members on January 1, 1974. This judgment was rendered and signed on January 4, 1974, the date of hearing. From these three decision by the trial court the Union has appealed.
The motion to dissolve the temporary restraining order is based in large part on the same grounds as the exceptions of no cause and no right of action. The exception of no cause of action is based on CCP Art. 3606 which requires that the petition for a preliminary injunction be assigned for hearing at the earliest possible date, if a restraining order has been granted. The i ecord shows that plaintiff’s petition merely prayed for an injunction and that the restraining order’s accompanying rule to show cause stated that the Union must show cause or be permanently enjoined. Defendant contends that plaintiff has not met the letter of CCP 3606 since no document in evidence shows that it has prayed for a preliminary injunction. We are reminded that CCP Art. 854 requires no technical form of pleading and we consider defendant’s contention an attempt to induce us to impose an overly technical detail upon the rules of pleading contained in the Code of Civil Procedure. The record clearly discloses that both parties and the trial judge were fully aware that the hearing on January 4 was a rule to show cause why a “preliminary injunction” should not be granted. The order granting plaintiff a “temporary writ of injunction” most clearly manifests the parties’ expectations, and to change those expectations now would be a subversion of the ends of justice.
The Union argues that the Fair Grounds has no right of action because it failed to state with particularity the acts to be enjoined and it failed to allege in detail that it had complied with the labor contract in force at the time. We find no merit in either contention. The petition adequately sets out the actions to be enjoined: striking or causing a work stoppage or work slow down on January 1, 1974. The Fair Grounds had already agreed to arbitrate the Christmas pay dispute before the Union decided to take a “holiday” on January 1st. As we see it the Fair Grounds had fully complied with the labor contract then in force and it was the Union that was going outside the contract in trying to force the race track into paying the disputed wages without arbitration.
The Union further contends that this dispute is subject solely to federal law since it involves a labor dispute. However, we are referred to no authority and we note that present National Labor Relations Board decisions indicate that the National Labor Relations Act will not be extended to race tracks. Los Angeles Turf Club, 90 NLRB 20 (1950); Jefferson Downs, Inc., 125 NLRB 386 (1959).
 We now pass to a consideration of the trial judge’s refusal to dissolve the temporary restraining order. CCP Art. 3612 states in part: “There shall be no appeal from an order relating to a temporary restraining order.” A judgment such as the one rendered by the trial court in this case is covered by this article and as such is not appealable. Snowden v. Red River and Bayou Des Glaises Levee and Drainage Dist., 172 La. 447, 134 So. 389 (Supreme Court 1932); Shingledecker v. Spencer, 157 So.2d 622 (La.App. 4th Cir. 1963); Woods v. Woods, 128 So.2d 74 (La.App. 3rd Cir. 1961). The Union is also claiming damage from the issuance of this restraining order. C.C.P. Art. 3608 only allows damages for the “wrongful issuance” of restraining orders and in this case plaintiff met all the requirements for the issuance of such an order and in fact was entitled to it.
The Union’s final basis of appeal is that the preliminary injunction is moot. We agree. The injunction related to a date already past and enjoined an action that could not possibly take place. How *319 ever, there is no need for this court to enter into a discussion of whether ft was improvidently granted since the Fair Grounds never posted a bond for its issuance. C.C. P. Art. 3610 requires that an applicant for a preliminary injunction post security in an amount fixed by the court. We have searched the record in this case and cannot find evidence of a preliminary injunction bond being posted or of the court fixing the amount for that security. (There was a bond for the temporary restraining order.) Since the injunction was never in effect and was moot at time of judgment, it is not difficult for us to declare it dissolved.
The Union is also claiming damage from the issuance of the moot and ineffective preliminary injunction. On this appeal we are not presented with any evidence to disclose what damage may have been suffered and we make no ruling on damages for dissolving of the preliminary injunction. See C.C.P. Art. 3608.
For the foregoing reasons we are of the opinion that the judgment appealed from should be affirmed, except that part which grants the preliminary injunction, which we annul and reverse. All costs of this appeal are to be equally divided by the parties.
Affirmed in part, reversed in part.