347 So.2d 286 (1977)
Anthony J. ROY, Sr., Plaintiff-Appellant,
v.
The UNION BANK, Defendant-Appellee.
No. 5867.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1977.
Rehearing Denied June 24, 1977.
*287 Gravel, Roy & Burnes by Dan E. Melichar, Christopher J. Roy, Alexandria, for plaintiff-appellant.
Laborde & Lafargue & Kelly by C. E. Laborde, Jr., Marksville, for defendant-appellee.
Before CULPEPPER, DOMENGEAUX, WATSON, GUIDRY and ROGERS, JJ.
DOMENGEAUX, Judge.
Plaintiff appeals from a judgment which denied his recovery of damages, including attorney fees, allegedly sustained as a result of an earlier possessory action coupled with a demand for injunctive relief, brought by the defendant bank against him.
*288 The trial judge in his written reasons has set forth the background giving rise to the instant suit as follows:
"The suit is a sequel of an earlier suit, No. 22,321, entitled, The Union Bank v. Anthony J. Roy, also tried in this court, appealed to the Court of Appeal, Third Circuit[1] and ultimately decided by the Louisiana Supreme Court[2]. The earlier suit was a possessory action coupled with a demand for a Writ of Injunction. It involved a three and one half foot strip of land located in the rear of the banking house of The Union Bank. In the earlier suit, this court denied a temporary restraining order, and, instead, issued a Rule to Show cause why a preliminary injunction should not issue. The defendant, Roy, filed Exceptions of No Cause and No Right of Action, a Plea of Estoppel, an Answer coupled with a Reconventional Demand, calling Plaintiff in warranty and alleged he specifically reserved his rights to claim in a separate suit, reimbursement for his attorney's fees and other damages incurred as a result of the suit.
On trial of the Rule to Show Cause, this court granted a Mandatory Preliminary Injunction, ordering the defendant to remove a fence he had constructed which enclosed the disputed strip of land. Roy moved for a Devolutive Appeal from this judgment, and though granted, it was never perfected. Subsequently, the cause was set for trial on the merits and counsel for both sides stipulated to the effect that the evidence previously submitted on the Rule to Show Cause for a Preliminary Injunction, along with the pleadings and exhibits, would constitute the entire record for consideration on the merits. This court rendered judgment, on the merits, making final the injunction which had been prayed for. Roy again moved for an appeal, which was granted and perfected, the court of appeal reversed the trial court's decision; the Louisiana Supreme Court granted Writs, reversed the Court of Appeal, and reinstated the trial court's judgment. Finally, on a rehearing application, the Louisiana Supreme Court reversed itself, and reinstated the Court of Appeal's judgment.
On October 12, 1966, Roy filed this suit seeking damages and attorney's fees based on the wrongful issuance of the Mandatory Preliminary Injunction at the instance of the Union Bank, for breach of the sales contract between the Bank and Roy (the Bank was Roy's vendor), and the bank's breach of warranty, in its sale to him. The Bank filed an answer, denied the allegations of the petition, and alleged specifically, that the parties had compromised their differences at the time of and by virtue of the Bank's dismissal of its application for a rehearing following the Supreme Court's decision above mentioned, and the execution of a written lease between the Bank and Roy which covered the disputed strip of land that had been the subject of the litigation in the first suit.
The facts are not disputed and are concisely stated above as the evidence adduced on this trial shows. The case presents a legal issue, which is whether Roy is entitled to recover damages including attorney's fees, sustained by him as a result of the original suit brought against him by The Union Bank. . . ."
As aforesaid the trial court dismissed plaintiff's suit. He now appeals and asserts that the trial judge erred in:
1. Denying recovery of damages and attorney fees for the wrongful issuance of a preliminary injunction on the ground that a permanent injunction subsequently issued, and
2. Failing to grant recovery of damages and attorney fees based on the bank's breach of its contract of sale to plaintiff and the warranty contained therein and *289 further based on the bank's breach of the warranty of peaceable possession.
Full details of the controversy between the parties and the judicial resolutions thereof are contained in the reported decisions of the Third Circuit Court of Appeal and the Louisiana Supreme Court (originally and on rehearing) respectively found at 168 So.2d 716 (La.App. 3rd Cir. 1964), and 248 La. 801, 182 So.2d 319 (La.1965). To synopsize the containments therein this court annulled and set aside the injunction which had been issued by the district court, and writs were granted by the Supreme Court. On original hearing the high court reversed the appellate decision, but on rehearing changed its position and affirmed the appellate decision finding that the evidence preponderated that from the time of his purchase of the property from the Bank, Mr. Roy was in possession of same.
We conclude that the trial court erred in denying damages and attorney fees for the wrongful issuance of the preliminary injunction, but was correct in its denial of sanctions for breach of contract and warranty.
LSA-C.C.P. Article 3608 reads as follows:
"The Court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits."
LSA-C.C.P. Article 3663 provides that injunctive relief, under the applicable provisions of Chapter 2 of Title I, of Book VII, to protect or restore possession of immovable property is available to . . .
"(1) A plaintiff in a possessory action, during the pendency thereof; and (2) A person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property or of a real right of which he claims the ownership, the possession, or the enjoyment."
Under LSA-C.C.P. Article 3608 there must first of all be a "wrongful issuance" of a temporary restraining order or preliminary injunction in order that the aggrieved party may be allowed damages and attorney fees. The bank herein opted to seek injunctive relief in the original suit. Same was issued. It was ultimately annulled by the Appellate and Supreme Courts. The bank could have proceeded with its possessory action without coupling it with a demand for injunction. The loss of the possessory action standing alone would not subject it to penalties. The injunction from the time of its issuance deprived Roy of his rightful possession of his property. It did not preserve the status quo, but rather required him to cease from using the property and affirmatively ordered him to remove the fence which he had constructed. He suffered and was deprived of his rights for some 2½ years from the time of the issuance of the preliminary injunction until the Supreme Court's opinion in his favor was finalized.
The word "wrongful" does not necessarily connote bad faith or connivance, but it does import the infringement of some right. The use of the injunctive process is an extreme remedy, and its improper issuance causes the mover to stand the responsibility therefor. We therefore conclude, under the facts of this case that the original issuance of the preliminary injunction by the district court was "wrongful" within the context of LSA-C.C.P. 3608.
Having so concluded we must now determine whether the remaining requirements of LSA-C.C.P. 3608 were met so as to allow damages and attorney fees. The trial judge, among other reasons given, relied on the case of Indian Bayou Hunting Club v. Taylor, 261 So.2d 669 (La.App. 3rd Cir. 1972), for denying relief to Roy under C.C.P. 3608. That case is readily distinguishable from this one, if for no other reason that in the Indian Bayou case, there was never a preliminary injunction issued.
*290 At first blush it would appear that Roy's claim under C.C.P. 3608 is not viable because the preliminary injunction was ultimately made permanent by the district court, and further that there was no motion to dissolve the preliminary injunction or reconventional demand after the issuance of the preliminary injunction. It is to be remembered, however, that in the original suit Roy, by reconventional demand, claimed attorney fees by virtue of having hired counsel, but reserved his right to sue for them in a subsequent suit.
The hearing which was held in connection with the original possessory action filed by Union Bank was actually on the rule for preliminary injunction. It was this hearing which required Mr. Roy to obtain his own counsel and it was the judgment entered as the result of this hearing that ordered him to remove the fence which he had constructed, and to refrain from using or possessing the property involved. It was the wrongful issuance of the preliminary injunction that damaged the plaintiff.
There are many cases awarding damages and attorney fees for the wrongful issuance of a temporary restraining order or preliminary injunction where the trial court, rather than an appellate court, initially dissolved the restraining order or preliminary writ (annotations, C.C.P. 3608). However, it does not appear that the jurisprudence has considered the precise question raised by the instant case under C.C.P. 3608, i. e. can a litigant recover damages for the wrongful issuance of a preliminary injunction when a stipulated judgment on the merits granting a permanent injunction is subsequently rendered.
There was no hearing as such for the permanent injunction which was issued on January 29, 1964, in the original suit. A stipulation was entered into generally to the effect that the same evidence adduced at the hearing for preliminary injunction would be tendered for use at the hearing for permanent injunction. It appears that this stipulation was entered into to effect judicial economy and expediency since an exhaustive hearing had already been held on the rule for preliminary injunction with judgment being rendered against Mr. Roy. There obviously was no new evidence available and it would have been a vain and useless endeavor involving unnecessary time, delay, and expense to retry the same case when all parties involved were confident that the district court was going to persist in its ruling and make permanent the preliminary injunction previously granted.
The ruling of the district court would indicate that under C.C.P. Article 3608, the party injured by the wrongful issuance of a preliminary injunction has no redress for damages under the article if the trial court persists in its initial erroneous ruling. C.C.P. Article 3612 does not permit a suspensive appeal as a matter of right from the granting of a preliminary injunction. Under the ruling of the trial court in this case, an injured party can recover damages if the trial court reverses itself after having granted a preliminary injunction. However, if the district court errs and makes the preliminary injunction permanent, then, in effect, the defendant loses his right to recover damages. This result prevails although additional injury has been inflicted upon the defendant by the requirement of additional appellate litigation, time, effort, and expense. On the other hand, if the trial court reverses itself and recalls a preliminary writ, then the injury is mitigated; yet in such cases the defendant can recover his damages and attorney fees for such lesser injury.
If, arguendo, after the issuance of the preliminary injunction in this case, a motion to dissolve would have been filed, and ultimately denied by the district judge, and the same appellate process would have proceeded, culminating in the dissolution of the injunction in the appellate courts, there seems to be little doubt but that damages and attorneys fees would be due. That hypothesis and the actualities of this case are of little difference.
We conclude that the chronology of activities in this case are such that it was the wrongful issuance of the preliminary injunction *291 which damaged the appellant and that the reconventional demand filed by Mr. Roy in the original suit suffices to grant him umbrage under C.C.P. Article 3608.
Additionally we take note of the Official Revision Comments under C.C.P. Article 3608 which state:
"(a) The above article retains the provisions of Art. 375, Code of Practice of 1870, which gives the defendant in an injunction suit the right to claim damages by reconventional demand.
(b) Heretofore, attorney's fees could be recovered only where there was a dissolution of a restraining order or preliminary injunction on a motion prior to trial. Three Rivers Oil Co. v. Laurence, 153 La. 224, 95 So. 652 (1923); Edwards v. Wiseman, 198 La. 382, 3 So.2d 661 (1941). The above article, however, permits attorney's fees to be recovered even though the restraining order or preliminary injunction is dissolved after trial on the merits. Cf. Comments at Art. 3506, supra."
We do not consider it a strained interpretation to conclude that when the above comments refer to the dissolution of the preliminary injunction after trial on the merits, that such dissolution may be mandated by an appellate court.
On the question of damages and attorney fees for the improvident issuance of the preliminary injunction, the record amply shows that Mr. Roy employed the services of two attorneys to represent him from the inception of the original suit by the Union Bank until the matter was finalized in the Louisiana Supreme Court. The attorney fees amounted to the sum of $8,000.00. It is difficult to discern what portion of that $8,000.00 fee pertained to the defense of the possessory action and what portion pertained to the dissolution of the preliminary injunction. Actually the actions went hand in hand. Of course Mr.Roy is not entitled to attorney fees or damages by virtue of being successful in the possessory action. In view of the interrelation between the possessory action and the accompanying preliminary injunction we feel that the equities of this case dictate that the sum of $4,000.00 should be awarded appellant as attorney fees.[3]
Concerning damages under C.C.P. 3608, the evidence shows that the appellant leased the property in question for a 25year term commencing February 1, 1966, for a monthly rental of $55.00. This establishes a reasonable criterion to establish damages for loss of rental. The preliminary injunction was first issued on July 15, 1963. From the date of the issuance to the date of the February 1, 1966 lease, some 30½ months elapsed. We will therefore award appellant the sum of $1,677.50 as damages for loss of rental as a result of the improvident issuance of the preliminary injunction.
Appellant claims other damages pertaining to the issuance of the preliminary injunction but we find that there is not a sufficient evidentiary basis to award same.
Turning now to the portion of the appeal wherein appellant claims damages based on the appellee's alleged breach of its contract of sale to appellant and the warranty contained therein, we find no error in the conclusion of the trial judge which denied those damages. We find no statutory or contractual provisions which allows attorney fees in possessory actions. See Bryson v. George, 31 So.2d 492 (La.App.2nd Cir. 1947). On damages generally, we find no proof of actual damages for breach of contract and/or warranty.
For the above and foregoing reasons the judgment of the district court which disallowed damages and attorney fees for breach of contract and warranty is affirmed. The portion of the district court *292 judgment which disallowed damages and attorney fees for the improvident issuance of the preliminary injunction is reversed, and it is accordingly ordered that there be judgment in favor of appellant, Anthony J. Roy, Sr., and against the appellee, The Union Bank, in the full sum of $5,677.50 together with legal interest thereon from date of judicial demand until paid.
Costs at trial and on appeal are assessed against the appellee, The Union Bank.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
GUIDRY and CULPEPPER, JJ., concur in part and dissent in part and assign written reasons.
CULPEPPER, Judge, concurring in part and dissenting in part.
I concur, as does Judge Guidry, with the majority view that appellant is not entitled to damages and attorney's fees based on appellee's alleged breach of its contract of sale to appellant and the warranty contained therein.
I dissent, as does Judge Guidry, from the majority holding that appellant is entitled to damages and attorney's fees. However, I base my dissent solely on the second reason stated in Judge Guidry's opinion, i. e., that there can be no recovery under LSA-C.C.P. Article 3608 for damages and attorney's fees because the plaintiff-appellant, Mr. Roy, did not at any time file either a motion to dissolve the preliminary injunction or a reconventional demand seeking such relief. I agree with Judge Guidry's reasons for this construction of Article 3608.
I would not reach the issue of whether the preliminary injunction was wrongfully issued.
For these reasons, I respectfully concur in part and dissent in part.
GUIDRY, Judge, concurring in part and dissenting in part.
I concur with the majority view that appellant is not entitled to damages and attorney fees for breach of its contract of sale and the warranty contained therein, however, for the reason that plaintiff has not shown an eviction or equivalent disturbance by title paramount. Hale v. City of New Orleans, 13 La.Ann. 499 (La.1858); Republic Petroleum Corporation v. U. S., 397 F.Supp. 900 (D.C.La.1975). Additionally, plaintiff's demand for attorney fees for breach of warranty is ill founded as such are not recoverable under R.C.C. Article 2506. Juneau v. Laborde, 228 La. 410, 82 So.2d 693 (La.1955).
I disagree with and respectfully dissent from the conclusion of the majority that appellant is entitled to be awarded damages and attorney fees for dissolution of an alleged wrongfully issued preliminary injunction.
The original suit was a possessory action filed by the Bank against Roy wherein the former, alleging actual and exclusive possession of the strip of land in controversy for more than one year previous to the latter's disturbance in fact, prayed that it be maintained in possession. In addition the Bank sought the issuance of a preliminary injunction and a permanent injunction ordering and commanding Roy to remove the fence constructed on the disputed property and to thereafter desist from any further disturbance of the Bank's possession. After a lengthy trial of the rule a preliminary injunction issued. Roy moved for a devolutive appeal from this judgment, but though granted, it was never perfected. The preliminary injunction was later made permanent after a trial on the merits. I emphasize at this point that subsequent to the issuance of the preliminary injunction Roy made no demand, by motion or reconventional demand, for damages and attorney fees for the wrongful issuance of the preliminary injunction.[1] As set forth in the *293 majority opinion, subsequent to the trial court judgment making permanent the preliminary injunction previously issued, Roy again moved for an appeal which was granted and perfected. This court reversed the trial court decision. 168 So.2d 716 (La. App. 3rd Cir. 1964). The Supreme Court granted writs, reversed the Court of Appeal, reinstating the trial court judgment, however on rehearing the Supreme Court reversed itself, and reinstated the judgment of the Court of Appeal. 248 La. 801, 182 So.2d 319 (La.1965).
Appellant seeks damages and attorney fees in this suit for the alleged wrongful issuance of the preliminary injunction in the earlier suit on the basis of LSA-C.C.P. Article 3608, which provides as follows:
"The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits."
In my opinion appellant's claim for damages and attorney fees should be denied for either of two reasons.
Firstly, the cited article clearly allows damages, including attorney fees, only for the "wrongful issuance" of a temporary restraining order or preliminary injunction.
There is nothing in the record which would even suggest that the preliminary injunction was "wrongfully issued" other than the fact that ultimately Roy was recognized as owner of the disputed strip under the record title exhibited by him. This ultimate recognition of title ownership does not necessarily cast the issuance of the preliminary injunction as being "wrongful".
The term "wrongful" is referred to as follows in 101 C.J.S. Wrongful p. 642:
"It has been said that a wide range of meaning is given to the word "wrongful" in the various dictionaries and encyclopedias. The term imports the infringement of some right.
In its ordinary sense "wrongful" is defined as meaning injurious, heedless, reckless, unjust, unfair, unlawful, negligent; and, it is used to describe any act which is unlawful or unauthorized or any other act of this description which is a civil wrong, or without right.

In its ordinary legal sense, the word "wrongful" is not applied to that which is lawful . . ." (Emphasis mine)
In Black's Law Dictionary, Fourth Edition, the term "wrongful act" is defined as follows:
"Any act which in the ordinary course will infringe upon the rights of another to his damage, unless it is done in the exercise of an equal or superior right. . ." (Emphasis mine)
The record in this case, which includes as Exhibit 1 the entire record in the earlier suit, and the several opinions written by the appellate courts reflect that rather than "wrongfully issued" the Bank was clearly entitled to the preliminary injunction. LSA-C.C.P. Article 3663 provides that injunction relief, under the applicable provisions of Chapter 2 of Title I of Book VII, to protect or restore possession of immovable property is available to . . . "(1) A plaintiff in a possessory action, during the pendency thereof; and (2) A person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property or of a real right of which he claims the ownership, the possession, or the enjoyment".
The Official Revisions Comments of that article state in part as follows:
". . .
(B) Injunctive relief is made available in two separate and distinct types of cases: (1) as an ancillary remedy in a possessory action; . . ."
*294 A review of the opinion written by the trial judge in the parent case clearly shows a finding by the trial court that the Bank exercised exclusive corporeal possession of the strip of land in controversy for more than a year preceding the filing of the possessory action. This court in its opinion reported at 168 So.2d 716, 719, affirmed this finding of fact and stated:
". . . the plaintiff had the corporeal possession of the property for more than a year required to maintain the possessory action, Articles 3658, 3660, LSA-Code of Civil Procedure . . ."
The Supreme Court on original hearing 182 So.2d 319, 324, also concluded that plaintiff had shown the corporeal possession necessary to maintain a possessory action and stated:
"On the question of the possession of the disputed realty, the record supports the finding of fact of the trial court that plaintiff exercised corporeal possession of the disputed strip of land for one year prior to instituting suit."
It is true that the Supreme Court on rehearing determined that Roy and not the Bank had possession of the disputed strip, however, a careful reading of the opinion indicates that such conclusion was based upon a finding that the deed from the Bank to Roy conveyed title to the disputed strip and possession under that deed of the balance of the lot by Roy constituted possession of the strip under the legal theory that possession of a part is possession of the whole; and, that the actual physical possession of the Bank was precarious and inured to Roy's benefit.
Under the cited article, based upon the evidentiary showing made, the Bank was clearly entitled to the issuance of a preliminary injunction during the pendency of the suit. Clearly the purpose of the ancillary remedy of injunction in a possessory action is to protect the possession of the party who has the requisite corporeal possession of the property in dispute until the matter of title is ultimately decided. As aforestated the ultimate recognition on appeal of title ownership adverse to the possessor does not cast the issuance of the preliminary injunction under LSA-C.C.P. Article 3663 as "wrongful". Accordingly, I would conclude that the issuance of the preliminary injunction in the earlier suit was both lawful and authorized and consequently cannot be said to have "wrongfully issued". Therefore, plaintiff, in my opinion, has no right to recover damages under LSA-C.C.P. Article 3608. See Fair Grounds Corporation v. Larmeu, 306 So.2d 316 (La.App. 4th Cir. 1974). The second and an equally compelling reason for denial of appellant's claim lies in the fact that LSA-C.C.P. Article 3608 contemplates the recovery of damages and attorney fees for the "wrongful issuance" of a preliminary injunction only upon the filing of a motion to dissolve or a reconventional demand seeking such relief, which demand may be considered and allowed either on trial of the motion before trial on the merits or on trial of such motion or reconventional demand simultaneous with the trial on the merits.
Previous to the adoption of the Louisiana Code of Civil Procedure by Act No. 15 of 1960 one who sought to recover damages including attorney fees for the "wrongful issuance" of a preliminary injunction was required to do so by motion tried and disposed of in advance of a trial on the merits. Edwards v. Wiseman, 198 La. 382, 3 So.2d 661 (La.1941) and cases therein cited. LSA-C.C.P. 3608, by its terms, overruled this prior jurisprudence and now permits consideration of such a claim, made by motion to dissolve or reconventional demand, simultaneous with the trial on the merits. The Official Revisions Comments of LSA-C.C.P. Article 3608 state in part as follows:
"(b) Heretofore, attorney's fees could be recovered only where there was a dissolution of a restraining order or preliminary injunction on a motion prior to trial. Three Rivers Oil Co. v. Laurence, 153 La. 224, 95 So. 652 (1923); Edwards v. Wiseman, 198 La. 382, 3 So.2d 661 (1941). The above article, however, permits attorney's fees to be recovered even though the restraining order or preliminary injunction *295 is dissolved after trial on the merits. Cf. Comments at Art. 3506, supra."
The Official Revision Comments of LSA-C.C.P. Article 3506, referred to in the above quotation, state in part as follows:
"(d) . . . The change which this article effects eliminates the necessity for two hearings if the claim to attorney's fees is to be asserted, i. e., the hearing on the motion to dissolve the writ and the trial on the merits."
The law and jurisprudence which require that a claim for damages, including attorney fees, for the wrongful issuance of a temporary restraining order or preliminary injunction, be asserted by way of a "motion to dissolve" or reconventional demand, has not been changed. Rather, to the contrary, LSA-C.C.P. Article 3608 by its very terms specifically requires that any such demand be contained in a "motion to dissolve or on a reconventional demand". This article clearly does not contemplate that such demand can be set forth in a separate and independent action filed long after the preliminary injunction issues and is subsequently made permanent.
As previously indicated following issuance of the preliminary injunction appellant did not seek its dissolution and damages by way of motion or reconventional demand but rather suffered the injunction to be made permanent following a hearing on the merits. The preliminary injunction was never dissolved for being "wrongfully issued", rather the effect of the preliminary injunction was superseded, without any claim by appellant for dissolution and damages, by the permanent injunction which subsequently issued after trial on the merits. In my view the cited article does not contemplate nor does it authorize an award of damages, including attorney fees, when a permanent injunction is dissolved by reason of the trial court judgment awarding same being reversed on appeal where the one enjoined did not seek dissolution of the preliminary injunction which issued in advance of the permanent injunction.
Finally, I respectfully suggest that the decision of my esteemed brethren of the majority frustrates the very purpose of the change brought about by our new Code of Civil Procedure which was admittedly to eliminate the necessity for two hearings if the claim of attorney fees is to be asserted.
For these reasons I respectfully dissent from the decision of the majority which allows appellant damages and attorney fees for the wrongful issuance of the preliminary injunction.
NOTES
[1] Footnote by Appellate Court. 168 So.2d 716 (La.App. 3rd Cir. 1964) writ granted Jan. 18, 1965.
[2] Footnote by Appellate Court. 248 La. 801, 182 So.2d 319 (La.1965).
[3] The appellee suggests that it entered into a compromise with appellant subsequent to the finalization of the original controversy by the Louisiana Supreme Court, and that consequently appellant's complete claims herein are not viable. However, we agree with the district judge who held that the evidence does not support the defense of compromise made by the appellee.
[1] The record reflects that defendant filed an answer to the possessory action and by way of reconventional demand sought to reserve such rights as he may have to damages and attorney fees, however, this answer was filed long prior to trial of the rule for and the issuance of the preliminary injunction. The preliminary injunction not having issued when the answer and reconventional demand was filed the latter certainly cannot be considered a demand for attorney fees and damages for the wrongful issuance of a preliminary injunction.