BLANCHE, Judge.
This is a suit to enjoin the enforcement of a valid judgment by default rendered in the matter entitled “Unico Inc. vs. Roy Verdin d/b/a Roy’s Speed Equipment and Auto Repair,” being No. 51,978 on the docket of the Thirty-second Judicial District Court. In connection therewith, the trial judge was persuaded to issue a temporary restraining order, restraining execution of the judgment pending a hearing for injunctive relief, and finally, after a hearing on the rule, rendered judgment in Verdin’s favor granting injunctive relief. Unico has appealed. We reverse and will grant judgment in favor of defendant-appellant for attorney’s fees.
We recognize, ex proprio motu, that Verdin’s petition fails to state a cause of action. LSA-C.C.P. 927. Two bases are set forth in the petition as grounds for annulling the judgment; first, that Unico was and is not a corporation organized under the laws of the State of Louisiana, and second, that the true debtor was not Roy Verdin, individually, but a corporation through which Verdin did business. Neither allegation sets forth grounds on which a court could annul the original judgment.[1]
Additionally:
“The rule settled by our jurisprudence is that, in the absence of a showing of a valid and sufficient reason for a defendant’s failure to defend a suit on which a default judgment has been taken, such a defendant cannot maintain an action for nullity of the default judgment based on alleged defenses of fraud or ill practices which could and should have been pleaded in the original suit. * * *
“And as this court said in Dixson v. Carter, * * * at page 230 of 138 So.2d [227], ‘ * * * the defendant must be deprived of the knowledge of the existence of the defense relied on, or of *1009 the opportunity timely to present it, by some intentional artifice, deception, fraud, or other ill practice on the part of the plaintiff.’ ”
Steele v. Ruiz, 202 So.2d 376, 378 (La.App. 4th Cir. 1967), and cases cited therein.
The first ground set forth by the petition should have been pled in the original action through the dilatory exception of lack of procedural capacity. The second ground set forth is a defense on the merits and should have been raised by a motion for summary judgment in the original action. The petition does not allege that Verdin was deprived of the opportunity to present the above defenses by some improper conduct of Unico.
Since both factual allegations should have been pled as a defense in the first action and since the petition as a whole fails to set out facts entitling Verdin to a judgment annulling the original judgment, the petition fails to state a cause of action to annul under Louisiana Code of Civil Procedure Article 2002 or 2004, and the temporary restraining order and preliminary injunction were improvidently issued.
Unico sought damages and attorney’s fees in connection with its motion to dissolve the temporary restraining order and appeals the trial court’s denial thereof. LSA-C.C.P. art. 3608 authorizes damages and attorney’s fees for the “wrongful” is- . suance of a temporary restraining order or preliminary injunction.
The temporary restraining order and preliminary injunction were “wrongfully” issued under LSA-C.C.P. art. 3608. The Third Circuit Court of Appeal noted in Roy v. Union Bank, 347 So.2d 286 (La.App. 3rd Cir. 1977), writ denied, 350 So.2d 895 (La.1977):
“The word ‘wrongful’ does not necessarily connote bad faith or connivance, but it does import the infringement of some right. The use of the injunctive process is an extreme remedy, and its improper issuance causes the mover to stand the responsibility therefor. * * ” (347 So.2d at 289)
There is no doubt that Unico’s right to enforce its final judgment was infringed upon by the injunctive process issued at Verdin’s behest without even the slightest color of law.
Counsel for Unico testified that he devoted eleven hours of his time and one hour of his client’s time to preparing and arguing his motion to dissolve. He also prepared and prosecuted this appeal. We believe $1,000 in attorney’s fees is reasonable damages for the wrongful issuance of conservatory process herein.
It is, therefore, ordered that the judgment of the trial court dismissing Unico’s motion to dissolve the temporary restraining order and granting Verdin’s motion for a preliminary injunction is reversed and the preliminary injunction is hereby vacated and the temporary restraining order dissolved. Judgment is also rendered in favor of appellant Unico and against appellee Verdin in the amount of $1,000 for the wrongful issuance of conservatory process. This matter is further remanded to the trial court to allow Verdin ten days in which to amend his petition to state a cause of action. LSA-C.C.P. art. 934. The costs of this appeal are to be paid by plaintiff-appel-lee.
REVERSED, RENDERED IN PART AND REMANDED.

. LSA-C.C.P. art. 2002 provides:
“A final judgment shall be annulled if it is rendered:
“(1) Against an incompetent person not represented as required by law;
“(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
“(3) By a court which does not have jurisdiction over the subject matter of the suit.
“Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.” LSA-C.C.P. art. 2004 provides:
“A final judgment obtained by fraud or ill practices may be annulled.
“An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.”