410 So.2d 273 (1982)
Robert J. FINERAN
v.
Gloria P. O'CONNOR and J. M. O'Connor.
No. 12224.
Court of Appeal of Louisiana, Fourth Circuit.
January 25, 1982.
*274 John G. Munoz, New Orleans, for plaintiff-appellee.
Jerome P. Halford, New Orleans, for defendants-appellants.
Before REDMANN, GULOTTA and BARRY, JJ.
BARRY, Judge.
Defendants appeal from a dismissal of their petition to nullify a default judgment based upon fraud and ill practices.
Plaintiff sued the husband and wife defendants on a $11,000.00 promissory note which they signed in conjunction with their purchase from Dan C. Garner of Delta Commerce, Inc., a closely-held corporation whose primary asset was a leasehold interest in the Flying Dutchman Lounge. The sale price was $16,000.00 represented by $5,000.00 cash and the balance by the note. The lounge was leased by Lewis Johnson to Delta and the lease had more than two years left on its primary term with two five-year options to renew.
The defendants purchased Delta (in effect, the lounge lease) on June 21, 1976. On August 2, 1976 they were notified that the building in which the lounge was situated was part of Johnson's bankruptcy proceedings and the court-appointed manager for the property informed defendants that a second mortgage holder had acquired the property free and clear of the lease and defendants had ninety days to vacate. Defendants' monthly rental was refused, an eviction notice was tacked on the premises, and defendants sold the lounge contents for $500.00. Defendants then sued the plaintiff in Jefferson Parish.[1]
Subsequently this lawsuit was filed by Robert J. Fineran as the holder of the $11,000.00 note. Defendants responded with exceptions of vagueness and no right of action after which plaintiff's petition was amended to substitute Dan C. Garner as plaintiff. The exceptions were set for hearing in January, 1978, but notice of the hearing could not be served on defendants' attorney because he moved his office, so plaintiff served defendants personally and they turned the matter over to their attorney.
*275 At this point there are conflicts as to what happened. Plaintiff contends defendants' attorney acquiesced in a dismissal of his exceptions as being moot. The defendants counter that their attorney believed that the hearing on the exceptions was to be continued. Defendants did not appear and a judgment was granted dismissing the exceptions. On May 9, 1978 plaintiff took a preliminary default and on June 6, 1978 the default was confirmed resulting in a judgment awarding plaintiff $10,516.00 plus interest and attorney's fees. In August, 1978 a writ of fieri facias was issued to seize defendants' property after which defendants filed this petition to nullify the default judgment.
Defendants urge two grounds in support of their petition for nullity:
(1) There was fraud and ill practices as provided in LSA-C.C.P. art. 2004[2] because plaintiff obtained the default judgment without defendants having notice of the proceedings and while they were represented by an attorney "... who was notoriously known to have been up for disbarment and subsequently disbarred, and other circumstances which would indicate that they did not treat the defendants herein with an above the board manner and candor" ... because plaintiff is an attorney and defendants are lay people who relied upon their attorney.
(2) That the transaction which supported the promissory note was without consideration since plaintiff knew at the time of the sale that the property was under administration of a judicial trustee and the lease on the premises was not viable under the circumstances.
The Trial Judge was faced with a factual determination and rendered his decision based upon credibility of the witnesses, notably the opposing attorney's. His Reasons for Judgment concluded that plaintiff did not commit fraud or ill practices because the defendants were advised by their attorney of the pending lawsuit and of the validity of the lease and "(t)he court ... believe(d) that there was consideration in connection with the sum paid".
Plaintiff's lawyer, John G. Munoz, set the exceptions for hearing with notice personally served on the defendant who gave the notice to Roger Jordan, his lawyer. Jordan testified he called Munoz and requested that the matter be continued and said he did not acquiesce in the dismissal of the exceptions. Jordan stated he did not receive any further communication and assumed that this lawsuit and the prior litigation in Jefferson Parish was a "stand off".
Munoz testified he and Jordan agreed that an amendment to the petition would cure any defect and a consent judgment would be appropriate. Munoz then filed an amended petition substituting plaintiffs and prepared a consent judgment which he forwarded to Jordan. The proposed judgment was not returned so Munoz appeared in court without Jordan on the date set to hear the exceptions and they were dismissed. Jordan testified he did not contact the court for a continuance nor did he do anything thereafter. Munoz stated he then waited four months, during which he attempted to reach his opponent, then proceeded to confirm the default.
In Johnson v. Welsh, 334 So.2d 395 (La. 1976) the defendant was personally served and he engaged an attorney to defend him in the litigation; however, the attorney failed to answer the petition and plaintiff obtained a default judgment. The Supreme Court sustained this court's holding that such failure does not constitute a ground to set aside a default judgment. LSA-C.C.P. arts. 1701-02, 2002, 2004 (1960).
We feel the defendants' problem stems from the inaction of their attorney rather than the course pursued by plaintiff's *276 counsel. Notice of the hearing date was personally served on the defendant because his attorney had closed his office and couldn't be located. Jordan said he sought the continuance, but he did not make such a request to the court orally or by written motion. It appears to us the peremptory exception was satisfied when Garner was substituted as plaintiff and the dilatory exception (vagueness) had doubtful merit. Four months passed after the exceptions were dismissed and Jordan nor his clients did anything further to protect their interests. To proceed to judgment under these circumstances was not unconscionable or inequitable. We find no error with the Trial Court's failure to find fraud or ill practices by the plaintiff.
Defendants' second basis for nullity is that the transaction supporting the promissory note was without consideration. Apparently this argument was the basis for defendants' earlier lawsuit in Jefferson Parish which was never brought to trial. However, having determined there was no valid and sufficient reason for defendants' failure to defend the original suit, this alleged defense could and should have been pleaded in the original suit. Verdin v. Unico, Inc., 366 So.2d 1007 (La.App. 1st Cir. 1978); Steele v. Ruiz, 202 So.2d 376 (La. App. 4th Cir. 1967), and cases cited therein. Further, the allegation of no consideration is an affirmative defense and cannot be maintained in an action for nullity of the original judgment.
For the foregoing reasons the judgment of the District Court is affirmed with defendants to pay all costs of this appeal.
AFFIRMED.
REDMANN, Judge, dissenting.
In accord with La.C.C.P. 2164, there should be judgment for the buyers in quanti minoris, C.C. 2541, in the amount of $15,500 plus the expenses of sale and damages (in this case 11.2% interest on $10,516 principal plus 25% attorney's fees on that interest and principal). The evidence is that no reasonable person would have paid $16,000 for a business whose lease had been destroyed by the foreclosure of a pre-existing mortgage; such a business is worth only the value of its physical assets, and those assets sold for only $500 to the only buyer the lease buyers could find. Moreover, the judgment should award attorney's fees to the buyers on a holding that the seller knew the defect of the thing sold; Borne v. Mike Persia Chev. Co. Inc., 396 So.2d 326 (La. App. 4 Cir. 1981), writ denied 401 So.2d 976.
Although seller has not had an opportunity to plead prescription to quanti minoris, the claim in quanti minoris is not prescribed because the Jefferson parish suit to rescind the sale entirely was filed within a few months of the sale and interrupted prescription. See Levy v. Stelly, 277 So.2d 194 (La.App. 4 Cir. 1973), writ denied 279 So.2d 203. Nor, for the reasons set forth in Welch v. Crown-Zellerbach Corp., 359 So.2d 154 (La.1978), does the default judgment on the note constitute res judicata of the claim for quanti minoris (any more than having paid cash would do so). There is no point in obliging these buyers to convert their pending rescission action in Jefferson parish into an action quanti minoris and to retry the whole matter already tried in this record.
NOTES
[1] Garner filed exceptions in that case which were pending when this matter was tried.
[2] LSA-C.C.P. art. 2004. Annulment for vices of substance; peremption of action

"A final judgment obtained by fraud or ill practices may be annulled.
"An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices."