CURRAULT, Judge.
This appeal arises from a judgment of the Twenty-Ninth Judicial District Court confirming a preliminary default judgment.
On November 11,1971, a lease agreement was executed in which the plaintiff-appel-lee, Paul Murray, Jr. agreed to lease to the Housing Authority of St. Charles Parish, certain housing units that he owned. The lease agreement gave to the lessor the option of renewing the lease for three additional five-year terms. The lease further required that the property be returned in the condition it was in when received, except for ordinary wear and tear, and also that the lessee would be responsible for good maintenance. On April 7, 1981, near the end of the second term, Mr. Murray informed the Housing Authority (The Authority) that he was displeased with their maintenance of his property, and that at the end of the term he intended to terminate the lease. A copy of the letter was *998 also sent to the Department of Housing and Urban Development (HUD).
On August 21, 1981, plaintiff filed an action for damages, alleging that the defendant had not properly maintained the property, paid the rent for July or August, 1981, or fulfilled the obligation to return the property in its original condition. Plaintiff demanded back rental and compensation for the repairs he would have to make to the property.
The Housing Authority, upon being served with notice of the suit, informed the New Orleans director of HUD of the pending action, and apparently believed that HUD was going to defend the suit. No answer was filed and, as a result, a preliminary default was entered on September 29, 1981. The judgment was confirmed on November 13,1981, and plaintiff was awarded $200,686.16. The defendant, although served, was unaware that HUD had not taken any action, thus was absent and unrepresented. Defendant, on being notified of the judgment, immediately contacted its attorney, who subsequently filed a motion for a new trial which was denied by the trial court on November 19, 1981.
Defendant now appeals the judgment confirming the default.
SPECIFICATION OF ERRORS
(1) The trial court erred in confirming the default judgment against the defendant, a public authority using public funds;
(2) The trial court applied an erroneous standard of law in regarding the defendant in the same manner as it would a private litigant in considering the motion for a new trial; and
(3) The trial court erred in not considering the fact that the defendant believed that HUD had taken responsibility for the suit.
ISSUES PRESENTED IN APPEAL
(1) Whether defendant was acting in the belief that HUD was defending the suit.
(2) Whether defendant, a public body using public funds, should be denied a trial on the merits.
The first issue presented by appellant urges that the default judgment issued against defendant should be annulled because defendant believed that it was being represented by HUD.
Appellant urges that mistake as to representation is a valid ground for annulment of a default judgment in Louisiana, and cites Bell v. Holdcraft, 196 So. 379 (La.App. 2d Cir.1940). There the defendant consulted an attorney when he was served with notice of a suit against him. He believed that the attorney would represent him in the suit; but the attorney believed that he was not to file an answer until he received his fee. Consequently, a preliminary default was entered and later confirmed. The Court of Appeal remanded the case for trial on the merits, remarking, “his lawyer thought one thing and his client the other; but, under the facts above set forth, we are of the opinion his client, appellant here, was justified in his belief and should not have to suffer for the misunderstanding.” However, in Johnson v. Welsh, 334 So.2d 395 (La.1976) and Fineran v. O'Connor, 410 So.2d 273 (La.App. 4th Cir.1982), the courts held that simple failure of the attorney to answer or appear is not grounds to set the judgment aside. Judgments may be set aside only for good reason. Pryor v. Gions, 188 So.2d 739 (La.App. 2d Cir.1966). Good reason is not simply because defendant may be penalized as a result. Sokol v. Bob McKinnon Chevrolet, Inc., 307 So.2d 404 (La.App. 4th Cir.1975). Most of the other cases cited by appellant involve annulments of substance pursuant to LSA-C. C.P. art. 2004. In those cases, a judgment can be annulled where an innocent party is deprived of his legal rights through fraud or ill practice and where failure to annul would cause inequitable or unconscionable results. St. Mary v. St. Mary, 175 So.2d 893 (La.App. 3d Cir.1965); N.O. v. LeBourglosis, 23 So. 542 (La.1898).
In its judgment denying a new trial, the court herein recognized that defendant, as well as HUD, was informed properly of *999 the suit. The trial judge also pointed out that plaintiff did not “rush about” to default defendant since plaintiff waited in excess of a month to take the preliminary default and further waited fourteen days to confirm. The proceedings throughout the case were in absolute conformity to law. There exists no misunderstanding of the type elucidated in Bell, supra, in that both HUD and the Housing Department were aware of their responsibilities. The failure of HUD to perform, for whatever reason, is not a basis for an annulment under the cases we have reviewed.
Appellant’s second issue alleges that a public authority using public funds should not be denied a trial on the merits, or that a more liberal standard should apply to public authorities. Appellant cites the court to In Re Quaker Realty, 7 Orleans App. 296 (App. 1910), where that court stated that it would overturn the judgment, “particularly as it is dealing with municipalities administering public property, and where substantial injury might otherwise ensue, good conscience and the welfare of the community at large require the application of a more liberal rule than in the case of ordinary litigants.” (At 297). While we may agree that policies not present in actions between private litigants may require a more liberal interpretation of good cause, the cause here is insufficient to preempt procedural remedies afforded a plaintiff by the Louisiana legislature. LSA-C.C.P. 1701 et seq. Nor is there any authority which totally exempts defendant or any other public or quasi-public body from its procedural responsibilities.[1]
Plaintiff here afforded defendant much leeway prior to bringing suit, and in good faith afforded defendant ample time to attempt to perform its obligations. Further, whatever occurred between HUD and defendant cannot overcome the fact that defendant was the party sued and as such had a duty to attend to its obligation to answer the suit. To hold otherwise would judicially create a total exemption for public or quasi-public bodies from default judgments, a prerogative solely of the legislature.
Accordingly, after a review of the law and the record, we hereby affirm the judgment confirming the default for the reasons stated herein.
AFFIRMED.

. See LSA-C.C.P. art. 1704, where Louisiana State agencies are accorded special treatment, but are not exempt from default judgments.